**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN PAUL GARMAN,

      Plaintiff - Appellant,

v.

MARCOS GARAYCHOCHEA;
HILARY GORDON; DEREK
CHRISTENSEN,

      Defendants - Appellees.

No. 16-4096
(D.C. No. 2:13-CV-00274-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

---

John Paul Garman appeals the dismissal of his 42 U.S.C. § 1983 complaint

alleging that Salt Lake City detectives violated his Fourteenth Amendment rights

by preventing him from changing his soiled clothing during his pre-trial

detention. As Mr. Garman correctly notes, under the Supreme Court's Fourteenth

Amendment due process jurisprudence officers owe pre-trial detainees (at the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

least) the same degree of care they owe convicted inmates under the Eighth Amendment and its prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979); *Blackmon v. Sutton*, 734 F.3d 1237, 1244 (10th Cir. 2013). And under the Eighth Amendment the Supreme Court has instructed us that officers may not deliberately disregard conditions that pose a substantial risk of serious harm to those they incarcerate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). But as the district court correctly explained in a thorough opinion we adopt as our own, the officers in this case did not come close to offending that standard or even a much higher one. True, when officers arrived at his home Mr. Garman explained to them that he had soiled his clothes. But the officers responded by asking Mr. Garman to bring a clean set of clothes with him and, after a short ride to the station, they promptly offered to allow him to change. A fact confirmed by video. Indeed, it was Mr. Garman himself who initially refused the officers' invitation to change and only did so after multiple requests. Given these facts, we cannot say that the officers were deliberately indifferent to a substantial risk of serious harm, let alone that any reasonable officer in their shoes would have known their conduct was unlawful. *See, e.g.*, *Key v. McKinney*, 176 F.3d 1083, 1086-87 (8th Cir. 1999). To the extent, meanwhile, that Mr. Garman suggests that evidence of his interrogation should be excluded from use in criminal proceedings against him, that is the province of a

motion to suppress or a habeas application, not a § 1983 suit. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The judgment of the district court is affirmed. Mr. Garman is reminded of his obligation to continue making partial payments until his appellate filing fee is fully paid.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge